UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
HERMAN CRUZ,
            Plaintiff,

   -v.-                                               9:06-CV-0867
                                                                (LEK/RFT)
AMBER LASHWAY, Physician's Assistant,

            Defendant.
------------------------------------------------------------------------
APPEARANCES:                            OF COUNSEL:

HERMAN CRUZ
86-C-0468
Plaintiff, *pro se*

HON. ANDREW M. CUOMO            DAVID FRUCHTER, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York   12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION AND ORDER

The Clerk has sent to the Court a Motion for a Temporary Restraining Order filed by Herman Cruz ("Plaintiff" or "Cruz"), who is currently incarcerated at the Upstate Correctional Facility. Plntf's Motion for TRO (Dkt. No. 4).

The Complaint in this action alleges that Defendant, a physician's assistant at Clinton Correctional Facility, denied Plaintiff proper medical care from January 2006 through July 2006, while he was housed at the Clinton facility. See Compl. (Dkt. No. 1). Plaintiff alleges that these denials are, in part, in retaliation for grievances Plaintiff filed against Defendant when she was employed as a registered nurse at the Upstate Correctional Facility.

Plaintiff's Motion seeks a preliminary injunction directing Defendant to permit Plaintiff to have access to physicians and to receive "proper medication." Plntf's Motion for TRO (Dkt. No. 4). Defendants assert that the Motion is moot because Plaintiff is no longer incarcerated at the Clinton Correctional Facility. Dkt. No. 30.

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted). In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly" in favor of the moving party. Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation and other citation omitted).

However, the Court need not reach the merits of Plaintiff's Motions because it is clear that Plaintiff has been transferred out of the Clinton Correctional Facility. See Dkt. Nos. 17, 30. Since Plaintiff is no longer incarcerated under the supervision of the named Defendant in this action, the Court must deny his request for injunctive relief. See FED. R. CIV. P. 65(d); cf. Hallett v. New York State Dep't of Corr. Servs., 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) (Dismissing, as moot, the plaintiff's requests for injunctive relief "[b]ecause he [was] no longer incarcerated and under the supervision of any of the named defendants . . ."); Candelaria v. Coughlin, 787 F. Supp 368, 377-378 (S.D.N.Y. 1992) (Motion for preliminary injunction seeking medical treatment is rendered moot due to the plaintiff's transfer to a different facility).

2

WHEREFORE, it is hereby

**ORDERED**, that Plaintiff's Motion for temporary restraining order and preliminary injunction (Dkt. No. 4) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   March 22, 2007
         Albany, New York

Lawrence E. Kahn
U.S. District Judge