UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
HERMAN CRUZ,

              Plaintiff,

   -v.-                                                  9:06-CV-0867
                                                           (LEK/RFT)

AMBER LASHWAY, *Physician's Assistant*,

              Defendant.
------------------------------------------------------------------------
APPEARANCES:

HERMAN CRUZ
86-C-0468
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO                    JAMES SEAMAN, ESQ.
Office of the Attorney General               Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

      Presently before the Court is a Motion to Compel Discovery filed by Herman Cruz ("Cruz" or "Plaintiff") pursuant to Fed. R. Civ. P. 37. Dkt. No. 49. Discovery is now closed in this action, and the dispostivie motion filing deadline is set for May 30, 2008. Dkt. No. 37.

      Plaintiff's Motion to Compel was filed on February 15, 2008. In his Motion, Cruz objects to various responses served by Defendant to Plaintiff's Request for Production of Documents and First Set of Interrogatories dated July 24, 2007. Defendant's August 27, 2007 responses to these demands are annexed to Plaintiff's Motion and the Defendant's opposition papers. Dkt. Nos. 49 & 50.

## II.  DISCUSSION

The Court has reviewed the allegations in this case, and the discovery that has been exchanged between the parties.  The Court has found that many of the Defendant's objections were well grounded and/or that the inquiries made by Plaintiff were improper or poorly formed.  Accordingly, the Court will address those disputes where further response to Plaintiff's demands is required.

### A.  Document Demands

Document Demand 4 seeks copies of "all medical refills send by plaintiff in 2006."  Dkt. No. 50, Ex. A.  Defendant's August 27, 2007 response stated that a search was being conducted and responsive documents will be produced.  *Id.*  However, in the response to this Motion, filed on March 3, 2008, Defendant does not advise the Court whether any further documents were produced.[1]  These documents are pertinent to the allegations in the Complaint, and shall be produced to Plaintiff if Defendants have not already done so.

In Demand 5 Plaintiff seeks the "Complete medical evaluation of June 12, 2006."  *Id.*  At issue is an alleged examination of Plaintiff, by Defendant, on June 12, 2006.  Defendant acknowledged in her response to Plaintiff's Interrogatories that she conducted "a medical examination appropriate for such complaints" on June 12, 2006.  Dkt. No. 50, Ex. B.  Thus, any written report or record of that examination shall be provided to Plaintiff.

### B.  Interrogatories

As Plaintiff points out in his moving papers, interrogatories are questions to be answered,

---

[1]Counsel did advise the Court regarding other instances where documents were provided after the initial response was served.  *Cf.* Dkt. No. 50, Seaman Affirm., at ¶6.

under oath, by the party to whom they are directed. *See* Fed. R. Civ. P. 33(b). The Court notes that Defendant Lashway has not signed the Interrogatories that have been answered. Accordingly, Plaintiff is entitled to receive a proper set of responses to his Interrogatories that include those Interrogatories previously answered (2, 3, 4, 5, 6, 9, 10, 12, 13, and 14), and those set forth below.

Interrogatory 7 seeks a response to "Did you in fact write up the Plaintiff?" Dkt. No. 50, Ex. B. Interrogatory 7 is, in reality, a sub-part of a series of questions that starts with Interrogatory 6 ("Did you threaten plaintiff you would write him up if he keeps putting down for sick call and put it as harassment?") and is followed by Interrogatory 8 ("For what?") *Id.* This line of questioning is clearly relevant in light of Plaintiff's allegations that he ceased putting in sick call request requests "trying to avoid a misbehavior report" (Dkt. No. 1, Compl. at p. 12), and, "Defendant also state to Plaintiff if he keeps putting down for sick call it could be taken as harassment . . ." (Compl. at p. 6). In response to Interrogatory 6, Defendant stated that she did not threaten Plaintiff with a misbehavior report. Dkt. No. 50, Ex. B. Thus, Defendant should also be able to answer whether she wrote plaintiff up for misbehavior and, if so, what misbehavior she reported. If Defendant prefers, she may simply produce those documents that demonstrate any misbehavior reports concerning Plaintiff written by her, at no cost to Plaintiff.

Interrogatory 11 inquires "Did you ever recommend for plaintiff to see a doctor?" *Id.* Defendant makes a number of vague and unsubstantiated objections. However, this is a factual issue that appears to be in dispute in this action. Moreover, in her capacity as Physician's Assistant, it appears that such a referral may have been within her scope of professional responsibility. Thus, Defendant shall answer this Interrogatory.

Accordingly, the Defendant shall provide the remaining documents and responses to Plaintiff, as directed above, within twenty days from the entry of this Order.

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 49) is **GRANTED** in part, and **DENIED** in part as set forth in the bod of this Order; and it is further

**ORDERED**, that within **twenty (20) days** from the filing date of this Order, Defendant's counsel shall provide Plaintiff responses to those demands detailed above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date: May 14, 2008

    Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge