UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CRUZ,

                    Plaintiff,

                                                        9:06-CV-0867
v.                                                      (GTS/DRH)

AMBER LASHWAY, Physician's Assistant,

                         Defendant.
_____

APPEARANCES:                                OF COUNSEL:

HERMAN CRUZ, 86-C-0468
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                        JAMES SEAMAN, ESQ.
  Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendant's

motion for summary judgment (Dkt. No. 56), (2) United States Magistrate Judge Randolph F.

Treece's Report-Recommendation that Defendant's motion be granted (Dkt. No. 69), and (3)

Plaintiff's Objection to the Report-Recommendation (Dkt. No. 70).  For the reasons set forth

below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion

for summary judgment is granted; and Plaintiff's Complaint is dismissed in its entirety.

## I.       RELEVANT BACKGROUND

On July 17, 2006, Herman Cruz ("Plaintiff") filed his Complaint in this action.  (Dkt. No. 1.)  Construed with the utmost of special leniency, Plaintiff's Complaint alleges that, while Amber Lashway ("Defendant") was a registered nurse at Upstate Correctional Facility and then a physician's assistant at Clinton Correctional Facility, she violated Plaintiff's rights under the First and Eighth Amendments by being deliberately indifferent to his serious medical needs and retaliating against him for filing complaints (specifically, his filing two grievances against her at Clinton Correctional Facility, and a federal lawsuit against several employees at Upstate Correctional Facility).  (*Id*. at ¶¶ 6, 7.)

On May 30, 2008, Defendant filed a motion for summary judgment.  (Dkt. No. 56.)  In her motion, Defendant argues that Plaintiff has failed to adduce admissible record evidence that would create a genuine issue of material fact with regard to his First and Eighth Amendment claims, and that Defendant is protected from liability as a matter of law by the doctrine of qualified immunity.  (Dkt. No. 56, Part 20, at 2-14.)  Defendant's motion includes a detailed notice of the consequences of failing to respond to her motion.  (Dkt. No. 56, Part 1.)

Despite this notice, on June 11, 2008, Plaintiff filed a response to the motion for summary judgment that fails to admit or deny Defendants' factual assertions (in her Statement of Material Facts) in matching numbered paragraphs as required by Local Rule 7.1(a)(3).  (Dkt. No. 58.)  Instead, Plaintiff argues, for the most part, that Defendant's motion should be denied because she failed to respond to various discovery demands.  (*Id*.)

On June 23, 2008, Defendant filed a reply to Plaintiff's response.  (Dkt. No. 61.)  In her reply, Defendant argues that her motion should be granted because Plaintiff has failed to dispute Defendant's statements of material fact, and that (in any event) any deficiency in her discovery

responses was unintentional and immaterial in nature.  (Dkt. No. 61, Part 1, ¶¶ 2-5; Dkt. No. 61, Part 2, at 2-4.)

On March 13, 2009, Magistrate Judge Treece issued a Report-Recommendation on Defendant's motion.  (Dkt. No. 69.)  Generally, Magistrate Judge Treece found that Defendant's factual assertions were deemed "admitted" by Plaintiff pursuant to Local Rule 7.1(a)(3) and that, based on those undisputed material facts, no triable issue of material fact exists with regard to Plaintiff's First and Eighth Amendment claims.  (*Id*.)  Familiarity with the particular findings of fact and conclusions of law stated Magistrate Judge Treece's Report-Recommendation are assumed in this Decision and Order.

On March 26, 2009, Plaintiff filed his Objections to the Report-Recommendation.  (Dkt. No. 70.)  Generally, in his Objections, Plaintiff argues that Magistrate Judge Treece "ignored" discovery violations committed by defense counsel, which demonstrated a "pre-disposition in his heart" regarding Defendant's motion, and which prevented Plaintiff from being able to create a genuine issue of material fact regarding his claims.  (Dkt. No. 70, Part 1.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

[1]      On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

> **B.      Standard Governing Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party]

---

at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts." [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[3]  (This is because the Court extends special solicitude to

_____

[3]       *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14,

the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[4]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[5]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

---

2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[4]     *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant is not disadvantaged by the lack of legal training.  In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

[5]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*]

deeming facts set forth in a moving party's statement to have been admitted where the

nonmoving party has failed to properly respond to that statement[6]–even where the nonmoving

party was proceeding *pro se* in a civil rights case.[7]

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge

Treece's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of

Plaintiff's Objections and agrees with each of the conclusions offered in the Report-

Recommendation.  Magistrate Judge Treece correctly stated the law, accurately recited the facts,

and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the

---

party from compliance with relevant rules of procedural and substantive law.") [internal
quotation marks and citations omitted].

[6]      Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a
response to the moving party's Statement of Material Facts, which admits or denies each of the
moving party's factual assertions in matching numbered paragraphs, and supports any denials
with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[7]      *See, e.g., Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision
and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL
290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-
1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at
*1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3
(N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec.
23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3;
*Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles,
M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.);
*Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3
(N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2
(N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86
& n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at
*1 n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-
1812, 1998 WL 566773, at *1 n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v.
N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case,
district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its
business").

Report-Recommendation in its entirety, for the reasons stated therein.

The Court would add only three points.  First, the majority of Plaintiff's Objections are simply reiterations of previous arguments that were considered and rejected by Magistrate Judge Treece on October 28, 2008.  (*Compare* Dkt. No. 70 with Dkt. No. 68.)

Second, in his Objections, Plaintiff also argues that, although he had requested that a physical examination of his ear take place during dinner (since the drainage he was experiencing in his right ear occurred while he was eating), Defendant examined him an hour before dinner, finding no such drainage.  (Dkt. No. 70, Part 1, at 2.)  For the sake of argument, the Court will set aside the issue of whether Plaintiff presented evidence of this fact before Magistrate Judge Treece.  *See*, *supra*, note 1 of this Decision and Order.  The important point is that a prisoner's disagreement with a prison nurse's medical judgment regarding when to conduct a physical examination does not represent cruel and unusual punishment under the Eighth Amendment.[8]  As the Second Circuit once observed:

> It must be remembered that the State is not constitutionally obligated, much as it may be desired by inmates, to construct a perfect plan for [medical] care that exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls.  [A] correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.  Common experience indicates that the great majority of prisoners would not in freedom or on parole enjoy the

---

[8]      *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question of whether . . . [a] diagnostic technique [ ] . . . is indicated is a classic example of a matter for medical judgment. A medical decision not to order . . . like measures[ ] does not represent cruel and unusual punishment. At most it is medical malpractice."); *Murphy v. Grabo*, 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J .) ("Disagreement with prescribed treatment does not rise to the level of a constitutional claim.") [citation omitted]; *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp.2d 303, 312 (S.D.N.Y.2001) ("[A prisoner's] disagreements over . . . diagnostic techniques (e.g., the need for X-rays)  . . . are not adequate grounds for a section 1983 claim.  These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted].

> excellence in [medical] care which plaintiff[] understandably seeks
> . . . .  We are governed by the principle that the objective is not to
> impose upon a state prison a model system of [medical] care beyond
> average needs but to provide the minimum level of [medical] care
> required by the Constitution. . . .  The Constitution does not command
> that inmates be given the kind of medical attention that judges would
> wish to have for themselves . . . .

*Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) [internal quotations and citations omitted].

Third, Plaintiff's special status as a *pro se* civil rights litigant does not excuse him from the obligation to comply with Local Rule 7.1(a)(3), once notified of the consequences of failing to do so (as he was in this case).  *See*, *supra*, Part II.B., and notes 6 and 7, of this Decision and Order.  Defendants met their threshold burden on their motion, and Plaintiff chose the perilous path of focusing on Defendant's (assertedly) deficient discovery responses, rather than responding to Defendant's statements of material fact and adducing admissible record evidence to create a genuine issue of material fact.  It should be noted that, before he responded to Defendant's motion for summary judgment in this action, Plaintiff had acquired experience responding to a motion for summary judgment in a *pro se* prisoner civil rights action.  *See Cruz v. Wead*, 97-CV-0846, Docket Sheet (W.D.N.Y.) (indicating that Plf. filed papers in response to motion for summary judgment on 6/20/01, 6/26/01, 6/28/01, and 7/5/01).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 69) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 56) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.  The clerk is directed to enter judgment in favor of the Defendant.

Dated: June 18, 2009
     Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge